UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: QUICK CASH, INC.,                                                                                                              No. 15-11800-j7

       Debtor.

YVETTE GONZALES, Chapter 7 Trustee of
the Quick Cash, Inc. Bankruptcy Estate, successor
in interest to official consumer claimants committee
of Quick Cash, Inc., on behalf of the Quick Cash, Inc.
Bankruptcy Estate,

       Plaintiff,

v.                                                                                                                   Adversary No. 17-1051-j

TIMOTHY DELGADO, STACEY DELGADO,
PAT MATAYA, MATAYA CONSTRUCTION CO.,
INC., GALLUP LUMBER & SUPPLY CO., RED
MESA ELECTRIC ENTERPRISES, LLC, ELKHORN
CABINETS, LLC, ONEMAIN FINANCIAL f/k/a
CITIFINANCIAL, FIRST FINANCIAL CREDIT
UNION, SYNCHRONY BANK, NEW YORK LIFE
INSURANCE COMPANY, FIDELITY AND GUARANTEE
LIFE INSURANCE COMPANY, REHOBOTH CHRISTIAN
SCHOOL, and NAEL AL-ASSI,

       Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion to Dismiss Adversary Proceeding as Against Defendants Elkhorn Cabinets, LLC and Rehoboth Christian School ("Motion to Dismiss") filed by Elkhorn Cabinets, LLC ("Elkhorn") and Rehoboth Christian School ("Rehoboth School"), by and through their attorneys of record, Moses, Dunn, Farmer & Tuthill, P.C. (Shay Elizabeth Meagle). *See* Docket Nos. 27 and 28.[1] Elkhorn and Rehoboth School assert that Plaintiff, Yvette Gonzales, Chapter 7 Trustee ("Trustee"), failed to timely serve the

---

[1] Defendants filed the same motion twice, once as a motion to dismiss filed by Rehoboth, and once as a motion to dismiss filed by Elkhorn.

summons and complaint as required under Fed. R. Civ. P. 4(m). Consequently, Elkhorn and Rehoboth School request the Court to dismiss them from this adversary proceeding. The Trustee opposes the Motion to Dismiss. *See* Docket No. 31. Elkhorn and Rehoboth School also filed a reply. *See* Defendants' Reply to Plaintiff's Response to Motion to Dismiss Adversary Proceeding as Against Defendants Elkhorn Cabinets, LLC and Rehoboth Christian School ("Reply") – Docket Nos. 35 and 36.

After considering the parties' arguments in light of the record of this adversary proceeding and the underlying bankruptcy case, the applicable rules, and the relevant case law, the Court finds that good cause exists to extend the deadline to effect service on Rehoboth School through the date the Trustee successfully served Rehoboth School with an alias summons and amended complaint. The Court will, therefore, deny the Motion to Dismiss with respect to Rehoboth School. As for Elkhorn, the Court requires additional evidence regarding the Trustee's diligence in her initial attempt to serve Elkhorn before the Court can determine whether it is appropriate to extend the deadline for good cause through the date the Trustee ultimately effected service on Elkhorn. The Court will set a preliminary hearing on the Motion to Dismiss with respect to Elkhorn.

PROCEDURAL HISTORY OF THIS ADVERSARY PROCEEDING
AND QUICK CASH, INC.'S UNDERLYING BANKRUPTCY CASE

Quick Cash, Inc. ("Quick Cash") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 6, 2015. *See* Bankruptcy Case No. 15-11800-j11 (the "Bankruptcy Case") – Docket No. 1. On August 11, 2015, the United States Trustee appointed a Consumer Claimant's Committee (the "CCC") in the Quick Cash Bankruptcy Case. *See* Bankruptcy Case – Docket No. 38. On June 29, 2017, the CCC obtained authority to file fraudulent transfer claims on behalf of the Quick Cash bankruptcy estate. *See* Bankruptcy Case – Docket No. 284. The

-2-

CCC filed this adversary proceeding seeking to recover fraudulent transfers the same day. *See* Docket No. 1. The summons was issued the following day, on June 30, 2017. *See* Docket No. 2. The CCC did not effect service on any defendant in this adversary proceeding.

On June 30, 2017, Quick Cash filed a motion to dismiss its Chapter 11 bankruptcy case. *See* Bankruptcy Case – Docket No. 288. The CCC objected to the Motion to Dismiss, and filed a counter-motion to convert the case to Chapter 7, pointing out that conversion would be in the best interest of creditors because it would enable a Chapter 7 trustee to pursue the claims asserted in this adversary proceeding. *See* Bankruptcy Case – Docket No. 293.

On August 11, 2017, Quick Cash's Bankruptcy Case converted to Chapter 7, and Yvette Gonzales was appointed Trustee. *See* Bankruptcy Case – Docket Nos. 307 and 308. Following the conversion of the Bankruptcy Case, the Court held a status conference in this adversary proceeding on September 28, 2017. *See* Docket No. 6. At the status conference, the Court fixed a deadline of November 1, 2017 for the Trustee to serve an alias summons with the Complaint on all defendants in this adversary proceeding. *Id.* The Court provided further that if the Trustee failed to serve the alias summons and Complaint on a defendant, the Court would dismiss the claims against the defendant. *Id.* Finally, the Court directed the Trustee to contact the Court's courtroom deputy clerk to request issuance of an alias summons when she determined whether she intended to proceed with this adversary proceeding. *Id.* The Court issued an alias summons on October 31, 2017. *See* Docket No. 8. The Trustee filed an Amended Complaint on November 1, 2017. *See* Docket No. 9. The Court issued an alias summons for the Amended Complaint on the same date. *See* Docket No. 10.

The Trustee attempted service on Elkhorn and on Rehoboth School on November 1, 2017, by mailing a copy of the Amended Complaint and the alias summons by First Class U.S. Mail to the following:

> Rehoboth Christian School
> c/o James R. De Mol
> 7B Tse Yaaniichii Lane
> Rehoboth, NM 87322
>
> Elkhorn Cabinets, LLC
> Attn: Officer or Director
> 743 S. Chipmunk Dr.
> Pinetree-Lakeside, AZ 85935

*See* Certificate of Service – Docket No. 11.

The address the Trustee used to attempt service on Rehoboth School on November 1, 2017 is the physical, street address of its registered office and registered agent on file with the Office of the Secretary of State of the State of New Mexico. *See* Reply, Exhibit A (report from the Office of the Secretary of State of the State of New Mexico identifying James R. De Mol as Rehoboth School's registered agent, with a physical address of 7B Tse Yaaniichii Lane, Rehoboth, NM 87322; Mailing Address "NONE"). Exhibit A to the Reply also lists a "Mailing Address" for Rehoboth School of P.O. Box 41, Rehoboth, NM 87322, and lists the P.O. Box as the address of record for all of its officers and directors, none of whom are James R. De Mol. *Id.*

On November 14, 2017, the Court issued another alias summons on the Amended Complaint (the "Second Alias Summons"). *See* Docket No. 12. On the same day, the Trustee mailed a copy of the Second Alias Summons and the Amended Complaint to Elkhorn Cabinets, LLC, Attn: Officer or Director, 743 S. Chipmunk Dr., Pinetree-Lakeside, AZ 85935. *See* Docket No. 14. On November 16, 2017, the Trustee sent a copy of the certificate of service of the

Second Amended Complaint and Second Alias Summons via First Class U.S. Mail to Elkhorn Cabinets, LLC, 2186 Woodland Ln., Pinetop, AZ. *Id.*

On November 30, 2017, the Court issued yet another alias summons (the "Third Alias Summons). *See* Docket No. 18. The Trustee mailed a copy of the Third Alias Summons and the Amended Complaint to Rehoboth Christian School c/o James R. De Mol, P.O. Box 41, Rehoboth, New Mexico 87322 by First Class Mail on December 1, 2017. *See* Docket No. 24.

Elkhorn received the Second Alias Summons and Amended Complaint on or about November 17, 2017. *See* Motion to Dismiss, ¶ 15. Rehoboth School received the Third Alias Summons and the Amended Complaint on or about December 5, 2017. *See* Motion to Dismiss, ¶ 16. In lieu of an answer to the Amended Complaint, Elkhorn and Rehoboth School filed the Motion to Dismiss on December 14, 2017. *See* Docket Nos. 27 and 28.

*The Trustee's Employment of Special Counsel*

The Trustee initially filed a motion in the Bankruptcy Case on October 31, 2017, seeking to employ Askew & Mazel, LLC ("A & M") as special counsel to represent her in evaluating and pursuing potential claims held by the estate, including potential fraudulent transfer claims, such as the claims asserted in this adversary proceeding. *See* Bankruptcy Case – Docket No. 325.[2] Ultimately, the Court authorized the employment of Giddens, Gatton & Jacobus, P.C. ("The Giddens Firm"), instead of Askew & Mazel, LLC, as special counsel to represent the Trustee in this adversary proceeding. *See* Bankruptcy Case – Docket No. 342. The Giddens Firm

---

[2] The Trustee did not seek to employ A & M in this adversary proceeding with respect to Defendants Timothy Delgado and Stacy Delgado, principals of Quick Cash, because of the conflict caused by Quick Cash's former bankruptcy counsel recently joining A & M. *See* Bankruptcy Case – Docket No. 325. The Trustee filed a motion in the Bankruptcy Case on October 31, 2017 requesting an extension of time to serve Timothy Delgado and Stacy Delgado. *See* Bankruptcy Case – Docket No. 327. The Trustee also requested the extension to allow her to find additional special counsel to pursue the claims against the Delgados. *Id.* The Delgados objected to the Trustee's request for extension. *See* Docket No. 328. That motion remains pending.

(Christopher M. Gatton) entered an appearance in this adversary proceeding on February 27, 2018. *See* Docket No. 38.

## DISCUSSION

Service in adversary proceedings is governed by Fed. R. Bankr. P. 7004, and, as incorporated by reference, certain sections of Fed. R. Civ. P. 4, including Rule 4(m). *See* Fed. R. Bankr. P. 7004(a)(1) (Rule 4(m) applies in adversary proceedings). A plaintiff in an adversary proceeding can effect service by postage pre-paid First Class U.S. Mail. *See* Fed. R. Bankr. P. 7004(b). Service on a corporation or other unincorporated association must be addressed to the attention of an officer or managing or general agent, or "to any other agent authorized by appointment or by law to receive service of process." Fed. R. Bankr. P. 7004(b)(3). Service of the summons and complaint by mail must be made within 7 days of the issuance of the summons; if the summons is not mailed within that time, Rule 7004(e) provides for the issuance of another summons. *See* Fed. R. Bankr. P. 7004(e) ("If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued. If a summons is not timely delivered or mailed, another summons will be issued for service.").

Rule 4(m) fixes an outer-limit for timely service. It provides:

> If a defendant is not served within 90 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action without
> prejudice against that defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must extend the time for
> service for an appropriate period. This subdivision (m) does not apply to service in a
> foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule
> 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

-6-

Case 17-01051-j    Doc 39    Filed 04/13/18    Entered 04/13/18 09:35:58 Page 6 of 13

The CCC filed the Complaint on June 29, 2017. The 90-day period in Rule 4(m) expired on September 27, 2017. Neither the CCC, nor the Trustee following conversion of Quick Cash's Chapter 11 case on August 11, 2017, served the Complaint on any defendant in this adversary proceeding within the 90-day period. Instead, consistent with Rule 4(m), the Court fixed a deadline of November 1, 2017 for the Trustee to serve process.

The Trustee filed an Amended Complaint on November 1, 2017, and attempted to serve the Amended Complaint, along with an alias summons, on Elkhorn and on Rehoboth School on November 1, 2017, the extended deadline fixed by the Court. Because the Trustee obtained a Second Alias Summons, the Court infers that neither Elkhorn nor Rehoboth School received the Amended Complaint and summons mailed on November 1, 2017. And because the Trustee obtained a Third Alias Summons for Rehoboth School, the Court infers that neither of the Trustee's first two attempts to serve Rehoboth School successfully reached Rehoboth School. Ultimately, Elkhorn received a copy of the Second Alias Summons and the Amended Complaint on or about November 17, 2017, and Rehoboth School received a copy of the Third Alias Summons and Amended Complaint on or about December 5, 2017. *See* Motion to Dismiss ¶¶ 15 and 16.

Because the Trustee failed to serve Elkhorn and Rehoboth within 90-days of the filing of the Complaint, and failed to effect service on Elkhorn and Rehoboth by the extended November 1, 2017 deadline fixed by the Court, Elkhorn and Rehoboth School urge the Court to dismiss them from this adversary proceeding. The Trustee waited until November 1, 2017, the very last day of the extended deadline, to attempt to serve Elkhorn and Rehoboth School. By waiting until the last minute, and not requesting an extension before the expiration of the deadline, the Trustee took a risk of defective service by the deadline.

-7-

Case 17-01051-j    Doc 39    Filed 04/13/18    Entered 04/13/18 09:35:58 Page 7 of 13

The service deadline in Rule 4(m) can be extended upon a showing of "good cause" for the failure to timely serve. Fed. R. Civ. P. (4)(m). In fact, "[i]f good cause is shown, the plaintiff is entitled to a mandatory extension of time." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). *See also,* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure, the court *must extend* the time for service for an appropriate period.") (emphasis added); *Oklahoma ex rel. Board of Regents v. Fellman*, 153 F. App'x 505, 506 (10th Cir. 2005) ("Rule 4(m) makes clear that a district court must extend the time for service if a plaintiff shows good cause.") (citation omitted). Whether a plaintiff satisfies the "good cause" standard in Rule 4(m) falls within the Court's sound discretion. *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) ("Dismissal of a complaint for failure to comply with [the] . . . time limit for service is committed to the bankruptcy court's discretion . . ."). *See also, Kurka v. Iowa County, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) ("'[A] determination [of good cause under Rule 4(m)] is entrusted to the sound and considerable discretion of the district court . . .'") (quoting *Colasante v. Wells Fargo Corp.*, 781 F. App'x 611, 613 (8th Cir. 2003)).

"Good cause" is not defined by Rule 4(m). *See Kurka,* 628 F.3d at 957 ("Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase.") (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002)). A plaintiff may satisfy the "good cause" requirement by showing that plaintiff "has acted diligently in trying to effect service or there are understandable mitigating circumstances[.]" 4B Charles Alan Wright, Arthur R. Miller & Adam Steinman, *Federal Practice and Procedure* § 1137 (2015).[3] *Cf. Financial Instruments Group, Ltd. v. Leung*, 30 F. App'x 915, 917 (10th Cir.

---

[3] Other examples of "good cause" are "when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, . . . or the plaintiff is proceeding pro se or in forma pauperis." *Id.*

2002) (defendant's actual notice of the cause of action and efforts to avoid service, coupled with the absence of evidence that plaintiff failed to exercise diligence in attempting to locate the defendant and effect service demonstrated "good cause" to extend the time under Rule 4(m)). However, "[t]he plaintiff who seeks to rely on [the] good cause provision must show meticulous effort to comply with the rule." *In re Langston*, 319 B.R. 667, 670 (D. Utah 2005) (citing *Kirkland),* 86 F.3d at 176). The Court will separately examine the Trustee's efforts to serve each defendant.

A. *Service on Rehoboth School*

The Trustee first asserts that its attempted service on Rehoboth School was effective on November 1, 2017, the date the Trustee mailed a copy of the alias summons and Amended Complaint to Rehoboth School to the registered agent for Rehoboth School on file with the Office of the Secretary of State for the State of New Mexico. Per Bankruptcy Rule 7004(b)(3), a plaintiff may effectuate service on a "domestic or foreign corporation . . . or other unincorporated association by mailing a copy of the summons and complaint to the attention of a . . . general agent, or to any other agent authorized by appointment or by law to receiver service of process." Fed. R. Bankr. P. 7004(b)(3). The Trustee attempted to comply with this rule. However, because the Trustee used the street address, rather than the P.O. Box, and because mail cannot be delivered to Rehoboth School at its street address, the alias summons and Amended Complaint mailed to Rehoboth School at its street address were returned to the Trustee undelivered.

Service of a summons and complaint by mail as authorized by Rule 7004(b)(3) is presumed complete on mailing. *See* Fed. R. Bankr. P. 9006(e) ("Service of process . . . by mail is complete on mailing."); *Westenhoefer v. Infiniti Fin. Services (In re Mindel-Stansberry)*, No. 05-62179, 2006 WL 3876500, at *3 (Bankr. E.D. Ky. May 11, 2006) (stating that the Bankruptcy

-9-

Case 17-01051-j    Doc 39    Filed 04/13/18    Entered 04/13/18 09:35:58 Page 9 of 13

Rules authorize service of process by mail, that Bankruptcy Rule 9006(e) provides that service of process is complete on mailing, and that "'[t]here is a presumption that an addressee receives a properly mailed item when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail.'") (quoting *In re Patterson*, 330 B.R. 631 637 (Bankr. E.D. Tenn. 2005) (citations omitted)). "Nor do the rules predicate the completeness of service upon receipt." *Weinman v. Kelley (In re Kelley)*, BAP No. CO-16-004, 2016 WL 6996126, at *4 (10th Cir. BAP Nov. 30, 2016), *aff'd,* 703 F. App'x 668 (10th Cir. 2017). Even so, the Court need not decide whether the Trustee's service of the alias summons the alias summons Amended Complaint on Rehoboth School on November 1, 2017 was effective.[4] The Court finds that the Trustee's efforts to serve Rehoboth School were sufficiently diligent to demonstrate good cause to extend the service deadline consistent with Rule 4(m).

Rehoboth School has represented to the Court that it is a New Mexico non-profit corporation. *See* Reply, p. 3. All New Mexico non-profit corporations must: (1) maintain a registered office and appoint a registered agent upon whom process required or permitted by law may be served; (2) maintain of record with the Office of the Secretary of State of the State of New Mexico a good address for the registered office, "which may be, but need not be, the same as its principal office," N.M.S.A. 1978 § 53-8-8(A) (2017 Rep. Pamp.); and (3) maintain a registered agent whose office "is identical with such registered office," N.M.S.A. 1978 § 53-8-8(B) (2017 Repl. Pamp.). *See* N.M.S.A. 1978 §§ 53-8-10 to 53-10-10. Service of process on the registered agent constitutes service on the corporation. N.M.S.A. 1978 § 53-8-10 (2017 Repl.

---

[4] Non-receipt raises due process concerns. *See Tully v. Haughee (In re Haughee)*, 428 B.R. 828, 830 (Bankr. N.D. Ind. 2010) (observing that "[o]ne might seek to construe Fed. R. Bankr. P. 7004(b)(9) as providing that service of process is complete upon mailing of a copy of a summons and complaint to a defendant/debtor at the address provided for by the Rule, regardless of whether the defendant/debtor ever receives the mailing. That construction of the Rule would be such an obvious violation of any concept of both procedural and substantive due process that the court will spend very little time to address the invalidity of any such contention.").

Pamp.). The requirement that the corporation maintain a current address of record for the registered agent with the Secretary of State provides the public with an address where they may serve process on the corporation by serving the registered agent at that address.

The records on file with the New Mexico Secretary of State identify James R. De Mol as Rehoboth School's registered agent, and provide the registered agent's physical address where the Trustee attempted to effect service on November 1, 2017. *See* Reply, Exhibit A. Although Rehoboth School's filing with the New Mexico Secretary of State lists a mailing address for the corporation, the address of record listed in the section identifying Rehoboth School's registered agent does not include a separate post office box for service of process by mail. *Id.* Rather, the space on the form for the mailing address of Rehoboth School's registered agent, Mr. De Mol, states "NONE." *Id.* Under these circumstances, the Trustee exercised reasonable diligence by mailing the alias summons and Amended Complaint to Rehoboth School's registered agent, to the only address for the registered agent reflected in the records of the Office of the Secretary of State. After the Trustee learned that the alias summons and Amended Complaint was returned undeliverable, the Trustee promptly took steps to obtain a Second Alias Summons and a Third Alias Summons in her continued efforts to serve Rehoboth School. Even though the Trustee waited until November 1, 2017, the last day of the extended deadline, before attempting to effect service on Rehoboth School, the Court concludes that the Trustee's efforts to serve Rehoboth School on November 1, 2017, coupled with her continued efforts thereafter, demonstrate good cause to extend the deadline through the date Rehoboth School acknowledges its receipt of the Third Alias Summons and Amended Complaint.

B. *Service on Elkhorn*

The Trustee first attempted to serve Elkhorn by mail on November 1, 2017. The Trustee's response to the Motion to Dismiss reports that the Trustee "found an old business address for Elkhorn online" and that once the Amended Complaint and alias summons were returned to the Plaintiff with a forwarding address, the Trustee obtained another alias summons and re-served Elkhorn on November 14, 2017. The Trustee also reports that Elkhorn is not incorporated in New Mexico, and has not obtained a certificate of authority to transact business in New Mexico. The Trustee asserts that Elkhorn was required to but did not maintain a registered office or appoint a registered agent in New Mexico. Elkhorn denies those requirements apply to it.

Elkhorn acknowledges it has received the Amended Complaint and Second Alias Summons on or about November 17, 2017. But actual notice alone is insufficient to establish good cause. *Langston,* 319 B.R. at 670 ("'[A]ctual notice is not equivalent to a showing of good cause' for failure to timely effect service.") (quoting *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994)). Similarly, although the Trustee asserts that Elkhorn has not been prejudiced by the delay in service, "absence of prejudice alone does not constitute good cause." *Kirkland,* 85 F.3d at 176 (citation omitted).

From this record, the Court cannot determine whether the Trustee's efforts to serve Elkhorn by the November 1, 2017 deadline were sufficiently diligent to establish good cause to extend the deadline under Rule 4(m). The Court will, therefore, schedule a preliminary hearing on the Motion to Dismiss with respect to Elkhorn.

-12-

Case 17-01051-j    Doc 39    Filed 04/13/18    Entered 04/13/18 09:35:58 Page 12 of 13

CONCLUSION

Based on the foregoing, the Court concludes that the Motion to Dismiss should be denied with respect to Rehoboth School. The Court will enter a separate order consistent with this Memorandum Opinion. By separate notice, the Court will schedule a preliminary hearing on the Motion to Dismiss with respect to Elkhorn.

                                                                              */s/ Robert H. Jacobvitz*
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   April 13, 2018

COPY TO:

Christopher M Gatton
Attorney for Plaintiff
Giddens, Gatton & Jacobus, P.C.
10400 Academy Rd., #350
Albuquerque, NM 87111

Shay Elizabeth Meagle
Attorney for Defendants Rehoboth Christian School and Elkhorn Cabinets, LLC
Moses, Dunn, Farmer & Tuthill, P.C.
P.O. Box 27047
Albuquerque, NM 87125-7047