UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

QUICK CASH, INC.,                                               Case No. 15-11800-t7

      Debtor.

YVETTE J. GONZALES,
chapter 7 trustee,

      Plaintiff,

v.                                                              Adv. No. 17-1051-t

TIMOTHY DELGADO, STACEY DELGADO,
PAT MATAYA, MATAYA CONSTRUCTION
CO., INC., GALLUP LUMBER & SUPPLY CO.,
RED MESA ELECTRIC ENTERPRISES, LLC,
ELKHORN CABINETS, LLC, REHOBOTH
CHRISTIAN SCHOOL, ONEMAIN FINANCIAL
F/K/A CITIFINANCIAL, SYNCHRONY BANK,
NEW YORK LIFE INSURANCE COMPANY,
FIDELITY AND GUARANTY LIFE INSURANCE
COMPANY, and NAEL AL-ASSI,

      Defendants.

## **OPINION**

      Before the Court is defendant Nael Al-Assi's motion to set aside a default judgment under Rule 60(b). The Court entered the judgment because Mr. Al-Assi, who answered to complaint, did not appear for trial on the merits. Plaintiff moved at the beginning of trial for default judgments against all "no shows." The Court granted the motion orally, instructing Plaintiff's counsel to submit forms of judgment post-trial. Mr. Al-Assi now argues that the judgment should be set aside under clauses (1) (excusable neglect); (5) (prospective application inequitable); and/or (6) (other

reason justifying relief) of Rule 60(b). Having considered the record, the relevant law, and the parties' arguments, the Court concludes that the motion should be denied.

A.   Facts.[1]

Debtor, a New Mexico corporation headquartered in Gallup, is owned by the Delgados. Debtor's operations included consumer lending, tax refund lending, a retail furniture business, and an automobile tire and service center. Debtor filed a chapter 11 case on July 6, 2015, which was converted to chapter 7 on August 11, 2017.

On November 1, 2017, Plaintiff filed an amended complaint in this proceeding, seeking to recover more than a million dollars alleged to have been fraudulently transferred by Debtor within two years prepetition. Mr. Al-Assi is one of the defendants; Plaintiff sought to recover $60,000 paid to Mr. Al-Assi about a year prepetition. Plaintiff's claims against all defendants hinged on Debtor's alleged insolvency when the transfers were made.

On November 1, 2017, Plaintiff served the summons and complaint on Mr. Al-Assi by mail to his home address of 1510 Susan Circle, Gallup, NM 87301. Mr. Al-Assi filed a pro se answer on November 17, 2017. Attached to the answer are documents showing that the money he received was in payment for a motel Mr. Al-Assi's LLC sold to an affiliate of Debtor.

After filing his answer Mr. Al-Assi stopped participating in the case. The docket indicates that at least eleven notices or orders were mailed to him at the Susan Circle address, including the summons and complaint.

---

[1] The Court takes judicial notice of its docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket).

On January 21, 2020, the Court entered an order scheduling trial. The order was mailed to Mr. Al-Assi at the Susan Circle address. The Court also mailed an amended order scheduling trial to Mr. Al-Assi on July 19, 2020.

On the morning of the first day of trial, July 27, 2020, the only person in the courtroom was Plaintiff's counsel. However, Mr. Delgado called the Court and asked for a short continuance. The Court went on the record in open court and spoke to Mr. Delgado by telephone. Mr. Delgado informed the Court and Plaintiff's counsel that he had had car trouble the night before and was stuck in Farmington, New Mexico, waiting for a new tire to be installed. He asked the Court to continue the trial until the afternoon of the 27th. Plaintiff's counsel proposed instead that the trial be postponed until the next day. Mr. Delgado agreed and the Court so ordered.

While still on the record and with Mr. Delgado on the phone, Plaintiff's counsel moved for a default judgment against the parties who did not appear, including Mr. Al-Assi. The Court granted the motion and directed Plaintiff's counsel to submit a form of default judgment.

Trial on the merits proceeded against the Delgados on July 28, 2020. On August 27, 2020, the Court ruled against Plaintiff, holding that she had not carried her burden of proving Debtor's insolvency when the challenged transfers were made.

In accordance with the Court's July 27, 2020, oral ruling, on September 18, 2020, Plaintiff's counsel submitted a form of default judgment against Mr. Al-Assi. The Court entered it three days later.

On September 29, 2020, Mr. Al-Assi, pro se, filed a motion to set aside the default judgment, stating that he did not appear at trial because he "was not notified of the trial date." The Court held a hearing on the motion on October 19, 2020. Mr. Al-Assi appeared in person. He stated that he never got notice of the trial. Plaintiff's counsel disputed the statement, asserting that when

he talked to Mr. Al-Assi after the default judgment was entered, Mr. Al-Assi admitted he had received the order setting deadlines and trial.[2] The Court denied the motion on October 28, 2020, finding that Mr. Al-Assi had received both notices of the trial date.

William Stripp entered his appearance as counsel for Mr. Assi on November 13, 2020. Mr. Stripp filed the motion before the Court on September 20, 2021, 364 days after the default judgment was entered. In the motion Mr. Al-Assi, seeks relief under clauses (1), (5), and (6) or Fed. R. Civ. P. ("Rule") 60(b).[3] Plaintiff objected. The Court held an evidentiary hearing on November 9, 2021, at which Mr. Al-Assi gave testimony. He testified that he missed the trial because, although he received the notice of trial, "I don't read the mail right; I see it after maybe three months . . . my English, I don't read it right." During cross-examination Mr. Al-Assi admitted that he has counsel in Gallup (Robert Rosenbrough, an experienced and reputable attorney) but did not consult him about the proceeding. Mr. Al-Assi was born in Kuwait, has lived in the United States since 1990, and has been an American citizen since 2006. He testified that he owned and operated a hotel in Gallup, New Mexico. The Court finds that Mr. Al-Assi is intelligent, reasonably sophisticated, can read and write English fairly well, and was able to read and understand the Court's order setting deadlines and trial.

B. <u>Rule 60(b)</u>.

Rule 60 provides in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>  (1) mistake, inadvertence, surprise, or excusable neglect;
> . . . .

---

[2] Plaintiff's written response to the motion asserts that Mr. Al-Assi's claim he was not notified of the trial date is "false."Plaintiff asserted: "Movant called Plaintiff's counsel prior to filing his Motion, and in that call admitted to receiving the Order Setting Deadlines and Trial . . . ."

[3] Rule 60 is made applicable to this proceeding by Fed. R. Bankr. P. 9024.

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

C.  Meritorious Defense.

To prevail on a Rule 60(b) motion to set aside a default judgment, the movant must demonstrate both eligibility for relief under the Rule and a meritorious defense. *See, e.g., In re Stone*, 588 F.2d 1316 (10th Cir. 1978):

> Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a final judgment only if the movant can demonstrate justifiable grounds . . . . In the case of default judgments, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense. . . . A 60(b) motion thus comprehends two distinct aspects--justification for relief and a meritorious defense.

588 F.3d at 1319; *see also Sundance Services, Inc. v. Roach*, 2010 WL 11623521 at *3 (D.N.M.) ("Consequently, in the context of a motion to set aside a default judgment, the movant must show that there is a meritorious defense in addition to the reasons listed under Rules 60(b)(1) and 60(b)(6) for setting aside a judgment."); *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (same, citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983)).

Given the Court's ruling on solvency when the challenged transfers were made, Mr. Al-Assi has satisfied the meritorious defense requirement. Thus, to prevail he need only show that he is entitled to relief under Rule 60(b)(1), (5), or (6).

D.  Rule 60(b)(1).

Mr. Al-Assi argues that the default judgment should be set aside under Rule 60(b)(1) for excusable neglect, because he "attempted to represent himself on a pro se basis without full command of the English language."

"[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a . . . deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 394 (1993). Neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388.

The burden of proving that any neglect was excusable is on the party seeking relief. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395. In *Jennings v. Rivers*, 394 F.3d at 856, the Tenth Circuit listed four factors for trial courts to consider when ruling on whether the neglect at issue is "excusable:"

- the danger of prejudice to the opposing party;
- the length of the delay and its potential impact on judicial proceedings;
- the reason for the delay, including whether it was within the reasonable control of the movant; and
- whether the movant acted in good faith.[4]

1. <u>Danger of prejudice</u>. Plaintiff has not shown she would suffer undue prejudice if the default judgment were set aside. "[D]elay in the collection of a judgment by a plaintiff or requiring a plaintiff to litigate the merits of the claim is insufficient prejudice to allow a default judgment to stand." *Owens-Illinois, Inc. v. T&N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000), citing *U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). As Plaintiff has made no

---

[4] The delay referred to is the delay in complying with a deadline set by the Court or the Rules. *Jennings*, 394 F.3d at 856, citing *Pioneer*, 507 U.S. at 394.

effort to collect the judgment since it was entered, further delay would not appear to be prejudicial. This factor weighs in favor of a finding that the neglect was excusable.

      2.      <u>The Length of the Delay</u>. The Court entered the default judgment on September 21, 2020. Mr. Al-Assi filed his Rule 60(b) motion (less than three pages) a year later. This significant and apparently gratuitous delay weighs against granting relief. *See, e.g., Tessmer v. Walker*, 833 F.2d 925, 927 (11th Cir. 1987) (prompt filing of a Rule 60(b) motion is a consideration that may militate in favor of granting relief); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (prompt filing of a Rule 60(b) motion after receipt of notice of dismissal is a factor); *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (prompt filing of a Rule 60(b) motion is a factor in granting relief).

      3.      <u>The Reason for the Delay.</u> The most important factor in determining whether Mr. Al-Assi's neglect is "excusable" is the reason why he did not attend trial. *See, e.g., Jennings*, 394 F.3d at 856 (the question of fault may be "the most important single factor" in determining whether neglect is excusable); *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (fault in the delay is "perhaps the most important single factor[] in determining whether neglect is excusable"). "Generally, excusable neglect seems to require a demonstration of . . . some reasonable basis for noncompliance within the time specified in the rules." 4B Wright & Miller, Federal Practice & Procedure § 1165, n. 25 and accompanying text (4th ed.).

      Mr. Al-Assi's read and understood the summons and notice of scheduling conference. His answer and motion to set aside the default judgment demonstrate a good command of the language. Mr. Al-Assi received eleven notices in this proceeding, including the original and amended notices of trial. He has had prior legal dealings and has hired and paid for competent legal counsel.

Being pro se does not excuse a litigant from adhering to deadlines, attending hearings, or following the rules of procedure. *See, e.g., Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (the rationale underlying less stringent pleading requirements for pro se litigants does not extend to the requirement of following court imposed deadlines); *Grady v. Samuelson*, 2013 WL 2149449, *3 (D. Colo.) (status as a pro se litigant does not excuse non-appearance at hearings); *Olagues v. Tarr*, 2017 WL 11547322, at *2 (D. Colo.) (same).

Having been alerted to the proceedings by repeated notices and orders, including two orders on the trial date, Mr. Al-Assi decided for unknown reasons not to retain counsel, participate in the litigation, or attend trial. If after answering the complaint Mr. Al-Assi had trouble deciding how best to defend himself, he should have hired a lawyer. His command of the language is more than sufficient to read and understand a document as simple as the Court's order setting trial. Mr. Al-Assi did not make the required "demonstration of . . . some reasonable basis for noncompliance within the time specified in the rules." Wright & Miller, § 1165, n. 25. This important factor weighs against setting aside the default judgment.

4. <u>Good Faith</u>. There is an indication of a lack of good faith: while Mr. Al-Assi first claimed he did not get notice of the trial, he now admits that he did get notice but did not understand it. These positions cannot be reconciled. This weighs against granting relief.

Balancing the factors and giving more weight to the reason why Mr. Al-Assi failed to attend the trial, the Court finds that Mr. Al-Assi's neglect was not excusable.

E. <u>Rule 60(b)(5)</u>.

Mr. Al-Assi next argues that relief from the default judgment is appropriate under Rule 60(b)(5) because "applying it prospectively is no longer equitable." This argument fails because the judgment has no prospective application. "A judgment operates prospectively if it requires a court to supervise changing conduct or conditions that are provisional or tentative." *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 419 (5th Cir. 2018); *see also Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 355 F.3d 574, 587 (6th Cir. 2004) (a judgment is prospective when it "involves the supervision of changing conduct or conditions"). Examples of prospective judgments are injunctions, consent decrees, and some declaratory judgments. *Kalamazoo*, 355 F.3d at 587; *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 272-73 (3d Cir. 2002) (injunctions and consent decrees).

Money judgments are not prospective judgments. *Kalamazoo*, 355 F.3d at 587; *Scott*, 899 F.3d at 419 ("An ordinary money judgment is not prospective because it offers a present remedy for a past wrong."). Thus, Mr. Al-Assi is not entitled to relief from the default judgment under Rule 60(b)(5). *See, e.g., United States v. Melot*, 712 Fed. App'x 719, 721 (10th Cir. 2017) (unpublished) (relief from money judgment not available under Rule 60(b)(5); *Stokers S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998) ("Rule 60(b)(5) . . . cannot be used to relief a party from a money judgment"); *DeWeerth v. Baldinger*, 38 F.3d 1266, 1275-76 (2d Cir. 1994) (same); *Gibbs v. Maxwell House*, 738 F.2d 1153, 1155–56 (11th Cir. 1984) (same); *Marshall v. Bd. of Educ.*, 575 F.2d 417, 425 (3d Cir. 1978).

F.  Rule 60(b)(6).

"Rule 60(b)(6) has been described as a grand reservoir of equitable power to do justice in a case." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996), quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975).

1. <u>Clause (6) of Rule 60(b) is mutually exclusive from clauses (1)-(5)</u>. "[C]lause (6) and clauses (1) through (5) are mutually exclusive." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988), citing Wright & Miller, Federal Practice and Procedure, § 2864 (1973). In *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644 (D.N.M. 2012), the court held:

> "If the reasons offered for relief from judgement could be considered under one of the more specific clause of Rule 60(b)(1)–(5), those reasons will not justify relief under Rule 60(b)(6)." 12 J. Moore, *supra* § 60.48[2], at 60–182.

283 F.R.D. at 669 (also citing *Liljeberg*).

2. <u>Circumstances beyond movant's control must have prevented him from taking action</u>. To obtain relief under Rule 60(b)(6), the movant must demonstrate that the reasons he couldn't take action to protect his interests were beyond his control. *See, e.g., Federal Towing*:

> Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief. *See Ackermann v. United States,* 340 U.S. at 202, 71 S. Ct. 209 . . . .

283 F.R.D. at 669-70; *see also Horyainova v. Walsh*, 2019 WL 7584463, at *5 (N.D. Okla.) (same, citing *Federated Towing*); *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (to receive Rule 60(b)(6) relief, a moving party must show that circumstances beyond its control prevented timely action to protect its interests). "'[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.'" *Sundance Services, Inc. v. Roach*, 2010 WL 11623521, at *4 (D.N.M.), quoting *Cashner*, 98 F.3d at 580.

3. <u>Relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances</u>. "[R]elief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances." *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020), quoting *McGraw v.*

*Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006); *see also Sundance Services*, 2010 WL 11623521, at *4 (relief appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted).

Mr. Al-Assi's motion does not meet the requirements for relief under Rule 60(b)(6). First, the reasons he offered for relief fall under Rule 60(b)(1). Having determined that Mr. Al-Assi is not entitled to relief under 60(b)(1), the Court may not grant relief under (b)(6). The provisions are mutually exclusive.

Second, it was not beyond Mr. Al-Assi's control to avoid the entry of the default judgment. Rather, Mr. Al-Assi was aware of the trial and chose not to attend.

Finally, Mr. Al-Assi has not demonstrated the exceptional circumstances necessary to invoke Rule 60(b)(6) relief. All he has shown is a meritorious defense. That is not enough. *See, e.g., Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) ("With respect to its claim for relief under Rule 60(b)(6), Lexington has done nothing more than reiterate the existence of a meritorious defense"); *In re Stone*, 588 F.2d at 1319 (movant must show both a meritorious defense and justification for relief under 60(b)). If demonstrating a meritorious defense were sufficient to set aside a default judgment under Rule 60(b)(6), the threat of a default judgment would be hollow.[5] Moreover, as the one-year limitation does not apply to 60(b)(6) relief, default judgments could seldom be considered final.

Mr. Al-Assi is not entitled to relief under Rule 60(b)(6).

---

[5] "Although default judgments are not favored, 'a workable system of justice requires that litigants not be free to appear at their pleasure.'" *Sundance Services v. Roach*, 2010 WL 11623521, at *3 (D.N.M.) (quoting *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442 (10th Cir. 1983)). The *Cessna Finance* court went on: "We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. . . . The threat of judgment by default serves as an incentive to meet this standard." 715 F.2d at 1444-45.

## Conclusion

Mr. Al-Assi had a meritorious defense to Plaintiff's claim against him, but did not appear at trial and suffered a default judgment. The facts before the Court do not entitle Mr. Al-Assi to relief from the judgment under clauses (1), (5), or (6) of Rule 60(b). The Court will deny the motion by separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: February 18, 2022
Copies to: Counsel of record